UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WINARD CONSTRUCTION<br>& DEVELOPMENT, INC.<br>    Plaintiff,<br><br>v.<br><br>TIMOTHY HARRINGTON,<br>    Defendant. | Civil Action No. 04-10915-GAO |

## ANSWER TO AMENDED COMPLAINT

Defendant Timothy Harrington ("Mr. Harrington") hereby answers the Amended Complaint of Plaintiff Winard Construction & Development, Inc. ("Winard") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Mr. Harrington lacks sufficient knowledge to admit or deny the allegation, and calls upon Plaintiff to prove the same at trial.

2. Admit.

3. Admit that Mr. Harrington owns the property located at 412 Commercial Street, Provincetown, Massachusetts. Denied that it is his residence.

### COUNT I

4. Mr. Harrington repeats and incorporates by reference his answers to paragraphs 1 through 3 as if each were fully set forth herein.

5. Admit that Mr. Harrington owns the property located at 412 Commercial Street, Provincetown, Massachusetts. Denied that it is his residence.

6. Mr. Harrington admits entering into a contract with Winard, whereby Winard agreed to perform services at the premises located at 412 Commercial Street,

Provincetown, Massachusetts for an agreed-upon price. Mr. Harrington admits making a deposit of $10,000.00. The terms of the agreement executed by the parties speak for themselves. Mr. Harrington denies the remainder of the allegations set forth in Paragraph 6.

7. Admit that Winard informed Mr. Harrington of the condition of the property following the commencement of construction. Denied that WInard did not know of the condition prior to commencement of work. Admit that Winard informed Mr. Harrington about certain extra work Winard represented to be performed at the property. Admit that Mr. Harrington agreed to pay Winard for certain items of extra work identified by Winard. Denied that Mr. Harrington told Winard not to worry about the additional cost, or told Winard that he would "make Plaintiff whole." Denied that Mr. Harrington assured Winard that he would pay any amounts not expressly agreed.

8. Mr. Harrington admits that he agreed to pay for certain services for a price that exceeded the original agreement of the parties. Mr. Harrington denies that he agreed to pay for all of the amounts alleged to be due and owing by Winard. Mr. Harrington denies the remainder of the allegations set forth in Paragraph 8.

9. Denied.

10. Denied.

11. Mr. Harrington admits making total payment to Winard in the amount of $250,000.00. Mr. Winard denies the remainder of the allegations contained in Paragraph 11.

## COUNT II

12. Mr. Harrington repeats and incorporates by reference his answers to Paragraphs 1 through 11 as if each were fully set forth herein.

13. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Winard fails to state a claim against Mr. Harrington upon which relief can be granted.

### Second Affirmative Defense

Winard is barred from bringing its claims against Mr. Harrington alleged in the Complaint.

### Third Affirmative Defense

Winard has waived its claims alleged in the Amended Complaint.

### Fourth Affirmative Defense

Winard has failed to comply with the requirements of Massachusetts General Laws Chapter 254, § 1, et. seq.

### Fifth Affirmative Defense

Mr. Harrington has made payment in full for all amounts due and owing.

### Sixth Affirmative Defense

Winard has failed to account properly for amounts allegedly due and owing from Mr. Harrington.

### Seventh Affirmative Defense

Winard is estopped from bringing its claims alleged against Mr. Harrington in the Amended Complaint.

### Eighth Affirmative Defense

Winard failed to meet a condition precedent to recovering the amounts alleged to be due and owing from Mr. Harrington in the Amended Complaint.

### Ninth Affirmative Defense

Mr. Harrington never agreed to pay Winard for all of the amounts alleged to be due and owing in the Amended Complaint.

### Tenth Affirmative Defense

Mr. Harrington made payment in full to Winard for the amounts Mr. Harrington agreed to pay for services rendered under the contract between the parties.

### Eleventh Affirmative Defense

Any amounts allegedly due and owing Winard must be set off by amounts Winard owes to Mr. Harrington, or amounts Mr. Harrington paid directly to third parties, or amounts Mr. Harrington was required to expend to complete the project.

**REQUEST FOR RELIEF**

**WHEREFORE,** Defendant Timothy Harrington respectfully request this Honorable Court to:

1. Enter judgment in his favor against Plaintiff on all counts of the Amended Complaint;
2. Dismiss all counts of the Amended Complaint with prejudice;
3. Award him attorneys' fees and costs incurred defending the action; and
4. Grant such other and further relief this court may deem just and proper.

{K0282009.1}   4

DEFENDANT REQUESTS TRIAL BY JURY ON
ALL COUNTS SO PERMITTED.

Respectfully submitted,

TIMOTHY HARRINGTON,

By his attorney,

_____
Peter F. Carr, II (BBO #600069)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
617.342-6800
Facsimile: 617.342-6899

Dated: 6-2-04

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6-2-04

{K0282009.1}    5